UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-24790-JEM/Becerra

JUANA TEJEDA,

     Plaintiff,

v.

COSTCO WHOLESALE CORP.,

     Defendant.

_____/

**OMNIBUS REPORT AND RECOMMENDATION ON
MOTIONS FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** came before the Court on Defendant Costco Wholesale Corp.'s Verified Motion for Fees and Costs and Motion for Bill of Costs.[1]  ECF Nos. [148], [153].  Defendant also filed an Affidavit of Jaime J. Baca in Support of Defendant's Motion for Fees and Costs, and a Declaration of Jaime J. Baca in support of its Motion for Bill of Costs.  ECF Nos. [148-2], [153-2].  Plaintiff Juana Tejeda filed Responses to both Motions, and Defendant filed Replies.  ECF Nos. [150], [152], [154], [155].  Upon due consideration of the Motions, the applicable law, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that the Verified Motion be **DENIED WITHOUT PREJUDICE** for failure to comply with Southern District of Florida Local Rule 7.3, and the Motion for Bill of Costs be **GRANTED IN PART AND DENIED IN PART**.

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge.  ECF No. [156].

I.    BACKGROUND

This is a negligence action arising from an alleged slip and fall.  Following a three-day jury trial, a verdict was entered in favor of Defendant.  ECF No. [141].  On June 28, 2022, the Court entered Final Judgment in accordance with the jury's verdict.  ECF No. [144].  The Final Judgment specified that "[t]he Court reserves jurisdiction to tax costs against Plaintiff, pursuant to the procedures set forth in Southern District of Florida Local Rule 7.3 and a bill of costs filed pursuant to 28 U.S.C. § 1920."  *Id.*

The deadline for Defendant to file a motion for taxable costs was July 28, 2022, and the deadline to file a motion for attorneys' fees was August 29, 2022.[2]  Defendant failed to file the motion for taxable costs and the motion for attorneys' fees in a timely matter.  Months later, on October 16, 2022, Defendant filed a Motion for Extension of Time along with its Verified Motion for Fees and Costs.  ECF Nos. [147], [148].  Defendant sought to enlarge the sixty-day deadline to seek attorneys' fees on the basis of excusable neglect because defense counsel's secretary failed to calendar the deadline.  ECF No. [147].  In its Motion for Extension, defense counsel did not address his failure to comply with the conferral process outlined in Local Rule 7.3, nor did he seek to enlarge the deadlines to do so.  On July 6, 2023, the Court granted Defendant's Motion for Extension of Time to file the Verified Motion.  ECF No. [159].

Although the Verified Motion also sought the recovery of costs, on November 7, 2022, Defendant filed a Motion for Bill of Costs and Incorporated Memorandum of Law, along with a supporting declaration of its attorney.  ECF Nos. [153], [153-2].  It appears that Defendant did so

---

[2] Local Rule 7.3(c) provides that a bill of costs must be filed and served "within thirty (30) days of entry of final judgement…" and Local Rule 7.3(a) provides that a motion for attorneys' fees and/or non-taxable expenses and costs must be filed and served "within sixty (60) days of the entry of the final judgment or order giving rise to the claim…."

to correct certain deficiencies in its initial Motion for Fees and Costs, namely the absence of a Bill of Costs and a supporting memorandum of law.  Defense counsel's declaration also corrects the identity of the party seeking relief, as counsel's initial affidavit stated that "Publix Supermarkets" rather than Costco requests recovery of attorney's fees and costs.  ECF Nos. [148-2], [153-2].

## II.   INSTANT MOTIONS

### A.  Verified Motion for Fees and Costs.

In its Verified Motion for Fees and Costs, Defendant seeks attorneys' fees totaling $118,758.50 and costs totaling $16,334.25, pursuant to Florida Statutes § 768.79 on the ground that Plaintiff failed to accept a Proposal for Settlement that Defendant served prior to trial.  ECF No. [148] at 2.  Defendant contends that the Proposal is valid and enforceable because the language contained therein is unambiguous.  ECF No. [152] at 4-6.  As for the amount sought, Defendant merely submits the billing records of its counsel which comprise more than 150 pages.  ECF No. [148-2].  Defendant offers no explanation or analysis regarding the reasonableness of the attorneys' fees requested.  ECF No. [148], *generally*.  Indeed, Defendant does not provide a breakdown of the number of hours expended by each timekeeper, *id.*, nor does it explain the qualifications of each timekeeper other than stating the individual's job title and year that the person began practicing law or became a paralegal.  ECF No. [148-2].

Most notably, Defendant did not provide Plaintiff with a draft of the Verified Motion prior to filing.  Nor did Defendant meaningfully confer with Plaintiff regarding the relief requested therein.  Defense counsel sent an e-mail to Plaintiff's counsel on October 14, 2022 "advising [that Defendant] would be filing a motion [for fees and costs] and requesting a conference to discuss."  ECF No. [150] at 3.  Defense counsel sent that e-mail on a Friday afternoon, *id.*, and, according to the Court's CM/ECF filing system, Defendant filed the Verified Motion at 9:06 a.m. the following

3

Monday morning.  This is effectively no conferral at all, as Defendant could not reasonably expect Plaintiff to evaluate its request for more than $135,000.00 in just a few hours of one business day. Under these circumstances, Defendant's inclusion of a Certificate of Good Faith Conference in its Verified Motion was not proper.

Plaintiff opposes the Verified Motion on both procedural and substantive grounds.  Plaintiff asserts that the Verified Motion should be denied because it is untimely,[3] lacks adequate supporting documentation, and fails to comply with Local Rule 7.3(b) because Defendant did not first serve a draft motion and engage in the conferral process mandated by the Local Rule.  ECF No. [150] at 2-5.  Plaintiff also argues that she would be prejudiced if required to pay attorneys' fees and costs that are procedurally time-barred.  *Id*. at 5-6.  Substantively, Plaintiff contends that Defendant is not entitled to recovery because its Proposal for Settlement is vague and overbroad in contravention of Florida Statutes § 768.79 and Rule 1.442(c) and (d) of the Florida Rules of Civil Procedure.  *Id*. at 6-9.  Plaintiff also argues that many of the attorneys' fees and costs sought are not recoverable because they are unsubstantiated, excessive and/or not taxable under 28 U.S.C. § 1920.  *Id*. at 9-14.

### B.  Motion for Bill of Costs

With respect to the Motion for Bill of Costs, Defendant reduced its demand to $5,265.16 after receiving Plaintiff's opposition to its Verified Motion.  ECF No. [153].[4]  The costs now at issue are as follows: (i) $30.00 for service of a subpoena, (ii) $2,970.75 for deposition transcripts, (iii) $440.00 in witness fees for attendance at deposition and trial, (iv) $339.41 for copies of

---

[3] The undersigned does not address this argument, as the Court already granted Defendant's Motion for Extension of Time.  ECF No. [159].

[4] It is troubling that Defendant initially requested more than three times this amount without any supporting legal authority or explanation as to why such costs are recoverable.

Plaintiff's medical records, and (v) $1,485.00 for interpreter services.  ECF No. [153-3].  Plaintiff

filed a Response, arguing that the Motion should be denied because it is time-barred and the costs

sought include excessive charges.[5]  ECF No. [154].  In particular, Plaintiff argues that the transcript

costs at issue include non-compensable incidental charges, and Defendant failed to attach the

invoices supporting its request for interpreter costs.  *Id*. at 4-5.  Plaintiff also argues that Defendant

did not adequately support its request for copy costs because it failed to explain what documents

were copied or how they were used in the case.  *Id*.

In Reply, Defendant asserts—again, without citation to any legal authority—that the

incidental charges are recoverable because they are "part of [the court reporter's] standard

operating procedure."  ECF No. [155] at 5.  Defendant also explains that the documents copied

were medical records from each of Plaintiff's medical providers, which were necessary to its

defense in this personal injury action.  *Id*.  Finally, Defendant clarifies that the interpreter invoices

at issue are attached to its Verified Motion.  *Id*. at 6.

### III.    ANALYSIS

The undersigned will confine its review below to the issue of attorneys' fees, and given

Defendant's revised request for costs, will consider Defendant's request pursuant to its Motion for

Bill of Costs.

### A.  The Verified Motion Violates Local Rule 7.3.

Local Rule 7.3 sets forth a mandatory and extensive conferral process that governs a party's

recovery of attorneys' fees.  In particular, Local Rule 7.3(a) states in pertinent part that "[a] motion

for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a

---

[5] The undersigned does not address Plaintiff's timeliness argument given that the Court already
granted Defendant's Motion for Extension of Time.  ECF No. [159].

final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed." S.D. Fla. L.R. 7.3(a).  In turn, Local Rule 7.3(b) requires a movant to serve but not file "a draft motion compliant with Local Rule 7.3(a)(1)-(8)" within thirty (30) days prior to the deadline for filing any motion for attorneys' fees. S.D. Fla. L.R. 7.3(b).  The Local Rule further requires that "[w]ithin twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920." *Id*. The conferral envisioned by Local Rule 7.3(b) is a detailed process.  The Local Rule specifies that "[t]he respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." *Id*.  The cursory e-mail that defense counsel sent to Plaintiff's counsel almost immediately before filing the Verified Motion fails to comply with both the letter and the spirit of Local Rule 7.3.

Courts in this District have made clear that "Local Rule 7.3's requirements are not optional, but mandatory" and recognize that "[a] failure to comply with Local Rule 7.3—in a variety of ways—has consistently led to the denial of a movant's motion for attorneys' fees." *Irish v. Reynolds*, No. 13-cv-10063, 2018 WL 1863765, at *3 (S.D. Fla. Jan. 9, 2018) (collecting cases), *report and recommendation adopted*, No. 13-cv-10063, 2018 WL 1863747 at *1 (S.D. Fla. Feb. 9, 2018).  Defendant offers no reason why it could not engage in the conferral process mandated by Local Rule 7.3.  Its only response is that defense counsel's secretary failed to calendar the deadline to file a motion for attorneys' fees, and Plaintiff will not be prejudiced if attorneys' fees are awarded.  ECF No. [152] at 2-3.  These arguments miss the mark.

The calendaring error did not prevent defense counsel, once he became aware of his

secretary's mistake, from attempting to comply with Local Rule 7.3(b), or seeking leave to enlarge the deadlines therein so that Defendant could serve a draft of the Verified Motion and confer as required.  Indeed, Defendant filed a Motion for Extension of Time but made no mention of Local Rule 7.3(b).  "The language of Local Rule 7.3 could not be clearer in that [Defendant is] *required* to serve a draft motion and confer with [Plaintiff].  And there is nothing in the Local Rules that excuses [Defendant's] failures."  *Irish*, 2018 WL 1863765 at *4.  It is evident that Defendant had no intention of complying with the requirements of Local Rule 7.3(b) given that Defendant filed the Verified Motion just minutes after it filed its Motion for Extension of Time.  Defendant's filing of the Verified Motion did not obviate the need to comply with Local Rule 7.3(b).  "[T]here is no exception in the Local Rules for futility; the parties *shall* make a good faith effort to resolve the motion; the movant *must* serve a draft motion; and the parties *shall* confer twenty-one days after service of the motion."  *Norych v. Admiral Ins. Co.*, No. 08-cv-60330, 2010 WL 2557502, at * 2 (S.D. Fla. June 23, 2010).

In addition, the alleged lack of prejudice to Plaintiff is not grounds to excuse Defendant's disregard of the Local Rule.  As another court in this District reasoned, "[i]t would…make little sense to require a party opposing a fees motion to demonstrate prejudice each time the movant decided to ignore the Local Rules. Indeed, if [Defendant's] position [was] correct, Local Rule 7.3 would be undermined to such an extent that it would pose no requirement at all on the movant." *Irish*, 2018 WL 1863765 at *4.

It is undisputed that Defendant did not serve a draft of the Verified Motion prior to filing or meaningfully confer with Plaintiff in accordance with Local Rule 7.3(b).  There is also no evidence that Defendant previously provided Plaintiff with copies of its attorneys' billing records or descriptions of work performed so that the parties could attempt to confer within the framework

established by Local Rule 7.3(b).  Under these circumstances, Defendant's failure to comply with Local Rule 7.3 alone warrants denial of the Verified Motion.  *See J.B. Hunt Transport, Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) (holding that district court's denial of motion for attorneys' fees for failure to comply with Local Rule 7.3 was not an abuse of discretion and constituted an "independently sufficient basis to deny" the motion where movant did not provide opposing party with a draft motion, any billing records or descriptions of work performed); *Irish*, 2018 WL 1863765 at *3-4 ("By their own admission, Plaintiffs failed to serve a draft motion on Defendant and the only conferral that took place was an email posing two questions: (1) whether Defendant agreed that Plaintiffs were entitled to attorneys' fees, and (2) the appropriate amount of those fees. Plaintiffs' failure to follow the Local Rules is a sufficient reason alone to deny their motion."); *Norych*, 2010 WL 2557502 at *2 (where movant "did not serve a draft motion thirty days after entry of judgment, and it did not confer with Plaintiffs twenty-one days after service of the draft motion," concluding that "[t]hese errors alone are sufficient reason to deny the Motion."); *see also Sriskada v. Harbor Pita, Inc.*, No. 14-cv-20526, 2015 WL 4041298, at *1 (S.D. Fla. July 1, 2015) (denying motion for attorneys' fees without prejudice where motion did not disclose the terms of any applicable fee agreement because "Plaintiff's failure to comply with Local Rule 7.3 provides a sufficient basis to deny its fees motion.").

The facts of this case stand in stark contrast to those where courts decline to require strict compliance with Local Rule 7.3.  For example, in *Gutierrez v. El Toro Churrascaria 8st LLC*, the movant did not provide a complete draft of her motion for attorneys' fees to the respondent. However, the movant did provide "her counsel's hourly rate, number of hours billed, and detailed descriptions of work performed prior to filing her Motion" which "facilitate[d] a meaningful conferral."  *Gutierrez*, No. 21-cv-22062-JLK/Becerra, 2022 WL 3621615, at *3 (S.D. Fla. Aug. 9,

2022), *report and recommendation adopted*, No. 21-cv-22062, 2022 WL 3594970, at *1 (S.D. Fla. Aug. 23, 2022).  Further, counsel for the parties "conferred prior to filing the Motion—discussing even specific itemized time entries during the conferral." *Id*.  The Court refused to bar the movant from recovery of attorneys' fees for failure to comply with Local Rule 7.3, and distinguished the cases cited above because those cases "involved a complete or near-complete failure to confer prior to filing a motion for attorneys' fees, whereas here, [movant's] counsel did provide complete billing records, *and* engaged in meaningful discussion prior to filing." *Id*.  Similarly, in *Hard Rock Café Int'l USA, Inc. v. RockStar Hotels, Inc.*, the Court considered a motion for attorneys' fees despite the movant's failure to serve a draft of the motion prior to filing.  *Hard Rock Café Int'l USA, Inc.*, No. 17-cv-62013, 2019 WL 3412155, at *2 n.4 (S.D. Fla. May 20, 2019).  The Court did so because the respondent was "aware of [movant's] fees-related arguments through previous filings" which "detail[ed] amount of fees and costs [movant] would seek."  *Id*.  None of these circumstances, which led courts to excuse noncompliance with Local Rule 7.3, are present here.

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Verified Motion for Fees and Costs be denied without prejudice.  If the District Court should adopt this recommendation, Defendant should be ordered to confer as required by the Local Rules within thirty days of the District Court's Order, and be given leave to refile a Motion that both evidences proper conferral and provides the Court with the information required by the Local Rule so that the Court can conduct a meaningful evaluation of the time requested with the benefit of Plaintiff's informed response on the matter.

### B.  Motion for Bill of Costs.

A motion for taxable costs is not subject to the detailed pre-filing conferral process set forth in Local Rule 7.3(b).  As such, Defendant's failure to comply with Local Rule 7.3(b) does not bar

it from recovering the costs enumerated in 28 U.S.C. § 1920. Defendant seeks costs in the amount of $5,265.16 for service of a subpoena, deposition transcripts, copies, witness fees and interpreter fees. ECF No. [153]. Plaintiff does not dispute Defendant's entitlement to taxable costs, but asserts that certain of the costs requested are excessive.[6] ECF No. [154]. Specifically, Plaintiff asserts that the deposition transcript costs include non-compensable charges that are for the convenience of counsel, and Defendant fails to demonstrate that the copy costs were necessary. *Id*. at 4-5. Plaintiff also disputes the interpreter fees that Defendant seeks because Defendant did not attach the corresponding invoices to its Motion. *Id*. at 5.

Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil Procedure] 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987) (quotations omitted). The specific costs which may be awarded are as follows:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant seeks to recover the cost for service of a subpoena on Robinson Trial Lawyers, P.A. which totals $30.00. ECF Nos. [153] at 2, [148-2] at 62. "This Circuit has held that § 1920(1),

---

[6] As mentioned, the undersigned does not address Plaintiff's arguments that the Motion is time-barred under Rule 7.3 and that she would be prejudiced by having to pay costs on a time-barred claim given that the Court already granted Defendant's Motion for Extension of Time. *See* ECF No. [159].

read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal Service effectuate service." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. May 14, 2007) (citing *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000)). At the time service of process occurred, the Marshals Service fee was $65.00 per hour for each item served. 28 C.F.R. § 0.114(a)(3). The amount that Plaintiff seeks to recover is well below the maximum amount charged by the U.S. Marshal. Accordingly, the undersigned **RECOMMENDS** that the Court award Defendant $30.00 in process server costs.

Next, Defendant seeks to recover $2,970.75 for five (5) deposition transcripts. ECF Nos. [153] at 3, [148-2] at 47, 49, 61, 64, 87. Deposition transcript costs are taxable as authorized by §1920(2) as long as the depositions were "necessarily obtained for use in the case." *W & O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). There is no dispute that the transcripts here were necessary. However, as Plaintiff correctly asserts, the invoices for these transcripts include incidental charges that are not recoverable. In particular, Defendant seeks to recover charges for a "litigation package," "electronic delivery and handling," and "electronic pdf, mini, ascii & e-tran[.]" ECF No. [148-2] at 49, 61, 64, 87. Courts routinely deny such costs because they are primarily for the convenience of counsel. *See Powell v. Home Depot, U.S.A., Inc.*, No. 07-80435, 2010 WL 4116488, at *10 (S.D. Fla Sept. 14, 2010) (categorizing condensed transcripts, electronic transcripts, and shipping and exhibits as 'extra services [] only for the convenience of counsel'); *Santana v. RCSH Operations, LLC*, No. 10-cv-61376, 2012 WL 3779013 at *6-7 (S.D. Fla. Aug. 31, 2012) (denying costs for condensed transcripts ASCII, litigation packages, and shipping/handling). Defendant's argument that these costs are recoverable because "the court reporter included [them] as part of its standard operating procedure," ECF No. [155] at 5, is not

11

persuasive, especially given Defendant's failure to cite any supporting legal authority. Accordingly, the undersigned finds that Defendant is not entitled to recover incidental charges totaling $196.00 and, therefore, **RECOMMENDS** that the Court award Defendant $2,774.75 in transcript costs.

Defendant also requests $440.00 in witness fees for the attendance of five (5) witnesses at deposition and six (6) witnesses at trial. ECF Nos. [153] at 4, [153-3] at 1-2. Title 28, United States Code, Section 1821 provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" at deposition or trial. 28 U.SC. § 1821(2)(b). Plaintiff does not dispute the reasonableness of these fees, which are recoverable under § 1920(3). Accordingly, the undersigned **RECOMMENDS** that the Court award Defendant $440.00 in witness costs.

Further, Defendant seeks to recover $339.41 in copy costs. ECF No. [153] at 5. Plaintiff argues that these costs are not recoverable because Defendant "provides little to no explanation as to what was copied or faxed or how these documents were used." ECF No. [154] at 4. Photocopying costs are taxable under Section 1920(4) if they were necessarily obtained for use in a case or the incurring party reasonably believed they were necessary for pending litigation. *W & O Inc.*, 213 F.3d at 621-22. The party requesting to tax costs must "present . . . evidence regarding the documents copied including their use or intended use." *Cullens v. Georgia Dep't of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted). Defendant provided such evidence as it submitted copies of the supporting invoices, which reflect that the charges were for copies of medical records from Plaintiff's medical providers. ECF Nos. [148-2] at 9-11, 12, 20, 22-23, 45-46, 141; [155] at 5. Defendant further asserts that these documents were necessarily obtained for use in the case because "[g]iven that this is a personal injury action, Plaintiff's medical records were vital to the successful defense asserted by Costco…." ECF No. [155] at 5. The undersigned

agrees.  Accordingly, the undersigned **RECOMMENDS** that the Court award Defendant $339.41 in photocopying costs.

Finally, Defendant request $1,485.00 for the cost of interpreters.  ECF No. [153] at 5-6. The plain language of 28 U.S.C. § 1920 authorizes recovery for the "compensation of interpreters." 28 U.S.C. § 1920(6). Plaintiff's only argument is that Defendant did not attach the supporting invoices to its Motion.  ECF No. [1534] at 5.  However, Defendant did attach those invoices to its Verified Motion.  *See* ECF No. [148-2] at 34, 48, 101.  Given that there is record evidence of these costs, which are permitted under § 1920(6), the undersigned **RECOMMENDS** that the Court award Defendant $1,485.00 in interpreter costs.

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court award Defendant $5,069.16 in taxable costs.

### IV.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant's Verified Motion for Fees, ECF No. [148], be **DENIED WITHOUT PREJUDICE**.  If Defendant intends to pursue recovery of its attorneys' fees, it must fully comply with Local Rule 7.3, and any amended motion must be accompanied by a thorough memorandum of law that establishes Defendant's entitlement to and the reasonableness of any attorneys' fees requested.  It is **FURTHER RECOMMENDED** that Defendant's Motion for Bill of Costs, ECF No. [153], be **GRANTED IN PART AND DENIED IN PART**, and Defendant be awarded $5,069.16 in taxable costs.

### V.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  The undersigned finds

13

that a shortened objection period is warranted given that the Parties have had ample time to time to make their arguments in written briefs and at the hearing.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND RECOMMENDED** in Chambers in Miami, Florida on July 24, 2023.

_____
**JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE**