UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24790-CIV-MARTINEZ/SANCHEZ

JUANA TEJEDA,

    Plaintiff,

v.

COSTCO WHOLESALE CORP.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S VERIFIED AMENDED MOTION FOR FEES AND NON-TAXABLE COSTS**

This matter is before the Court on the Verified Amended Motion for Fees and Non-Taxable Costs, ECF No. 164, filed by the Defendant, Costco Wholesale Corp.[1] Following a trial in which a jury returned a verdict in favor of the Defendant and the Court subsequently entered judgment in favor of the Defendant, *see* ECF Nos. 141, 144, the Defendant seeks fees and costs pursuant to Fla. Stat. § 768.79. The Plaintiff filed a response in opposition, *see* ECF No. 169,[2] and the Defendant filed a reply in support of its motion, ECF No. 170. Having considered the parties' filings, the record in this case, and the applicable law, the undersigned **RESPECTFULLY RECOMMENDS** that the Defendant's Verified Amended Motion for Fees and Non-Taxable Costs, ECF No. 164, be **GRANTED IN PART AND DENIED IN PART**.

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the Defendant's motion to the undersigned for a Report and Recommendation. ECF No. 165.

[2] The Plaintiff filed three responses to the Plaintiff's motion, ECF Nos. 167-69. In ECF No. 167, the Plaintiff filed a Response to Order to Show Cause. In ECF No. 168, the Plaintiff filed an identical Response to Order to Show Cause. In ECF No. 169, the Plaintiff filed a Response to Order to Show Cause and Response to Verified Motion for Fees and Non-Taxable Costs, which is identical to the previous two filings, other than its name. The Court uses ECF No. 169 as the Plaintiff's response to the Defendant's motion.

I. BACKGROUND

This is a negligence action arising from an alleged slip and fall. *See* ECF No. 1. Following a three-day jury trial, a verdict was entered in favor of the Defendant. ECF No. 141. On June 28, 2022, the Court entered Final Judgment in accordance with the jury's verdict. ECF No. 144. The Final Judgment specified that "[t]he Court reserves jurisdiction to tax costs against Plaintiff, pursuant to 28 U.S.C. § 1920." *Id.*

Under Southern District of Florida Local Rule 7.3, the deadline for the Defendant to file a motion for attorneys' fees was August 29, 2022.[3] The Defendant failed to file a motion for attorneys' fees in a timely manner. Months later, on October 16, 2022, the Defendant filed a Motion for Extension of Time along with its first Verified Motion for Fees and Costs, ECF Nos. 147, 148. The Defendant sought to enlarge the sixty-day deadline set by Local Rule 7.3 to seek attorneys' fees on the basis of excusable neglect; however, the Motion for Extension did not address the Defendant's failure to comply with the conferral process outlined in Local Rule 7.3, nor did the Defendant seek to enlarge the deadlines to do so. ECF No. 147. The Court granted the Defendant's Motion for Extension, and Plaintiff's first Verified Motion for Fees and Costs, ECF No. 147, was accordingly timely. ECF No. 159.

After reviewing the Defendant's first Verified Motion for Fees and Costs, the Court denied the motion without prejudice but ordered the Defendant to confer, as required by Local Rule 7.3 within 30 days of the Court's order, and the Court granted the Defendant leave to refile a motion that fully complied with the Local Rules, which was to be accompanied by a thorough memorandum of law that established the Defendant's entitlement to and the reasonableness of any fees requested. ECF No. 163. The Defendant filed the instant Verified Amended Motion for Fees

---

[3] Local Rule 7.3(a) provides that a motion for attorneys' fees and/or non-taxable expenses and costs must be filed and served "within sixty (60) days of the entry of the final judgment or order giving rise to the claim." S.D. Fla. L.R. 7.3(a).

and Non-Taxable Costs ("Amended Fees Motion"), ECF No. 164, arguing that the Defendant is entitled to fees under Fla. Stat. § 768.79 and explaining the reasonableness of the fees the Defendant requests. The Plaintiff filed a response in opposition, arguing that the Defendant's Motion is untimely[4] and that the Court should, in its discretion, decline to award fees because the Proposal for Settlement to the Plaintiff was not made in good faith and because the Plaintiff's claims are non-frivolous and were brought in good faith. *See* ECF Nos. 167-69. The Defendant filed a reply in support of its motion, ECF No. 170.

## II.     LEGAL STANDARD

The party seeking attorneys' fees bears the burden of establishing entitlement. *See, e.g.*, *Henley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs a party's entitlement to attorneys' fees." *M&M Sisters, LLC v. Scottsdale Ins. Co.*, No. 21-24081-CIV-MORENO/GOODMAN, 2022 WL 18717403, at *4 (S.D. Fla. Dec. 19, 2022) (citing *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (noting that the Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law")), *report and recommendation adopted*, 2023 WL 2017104 (S.D. Fla. Feb. 15, 2023).

Section 768.79, Florida Statutes, governs offers of judgment, and Rule 1.442 of the Florida Rules of Civil Procedure implements this statutory provision. Section 768.79 provides, in relevant part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance

---

[4] The undersigned does not address this argument, as the Defendant was expressly granted leave to refile its Amended Fees Motion and did so in accordance with the Court's Order. *See* ECF Nos. 160, 163, 164.

3

or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

Fla. Stat. § 768.79; *see Audiffred v. Arnold*, 161 So. 3d 1274, 1277-78 (Fla. 2015). Section 768.79 further requires that the offer (a) be in writing and state that it is being made pursuant to § 768.79, (b) name the party making the offer and the party to whom the offer is being made, (c) state with particularity the amount offered to settle a claim for punitive damages, if any, and (d) state the offer's total amount. Fla. Stat. § 768.79(2). To comply with Florida Rule of Civil Procedure 1.442, a proposal must also "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served," "exclude nonmonetary terms,"[5] "state whether the proposal includes attorneys' fees and whether attorneys' fee[s] are part of the legal claim," and "include a certificate in the form required by Florida Rule of General Practice and Judicial Administration 2.516." Fla. R. Civ. P. 1.442(c)(2).

### III. ANALYSIS

**A. The Defendant Is Entitled to an Award of Fees.**

Fla. Stat. § 768.79 applies here. This is a civil action for damages that was originally filed in a Florida state court and then removed to this Court on the basis of diversity jurisdiction. *See* ECF No. 1.[6] On May 6, 2021, the Defendant served the Plaintiff with a proposal for settlement, which the Defendant attaches to its motion, and the proposal for settlement was not accepted by

---

[5] When the Defendant made the settlement proposal in this case on May 6, 2021, the Florida Supreme Court had not yet amended Rule 1.442(c)(2)(C) to provide that proposals "exclude nonmonetary terms." *See In re Amends. to Fla. Rule of Civ. Proc. 1.442*, 345 So. 3d 845, 846 (Fla. 2022). Rather, at that time, Rule 1.442 required settlement proposals to "state with particularity all nonmonetary terms of the proposal." *Id.*

[6] The state court action was filed on September 3, 2020, ECF No. 1-2, and was then removed to this Court on November 20, 2020, ECF No. 1.

the Plaintiff within 30 days. *See* ECF Nos. 164, 164-1. Subsequently, on June 24, 2022, a jury returned a defense verdict of no liability. ECF No. 141.

"Because proposals for settlement are enforceable in federal court, the issue for the Court is whether the proposal for settlement was valid." *See Primo v. State Farm Mut. Auto. Ins. Co.*, 661 F. App'x 661, 664 (11th Cir. 2016). The written proposal complies with Fla. Stat. § 768.79(2) and Fla. R. of Civ. P. 1.442. The proposal states that it is being served pursuant to Fla. R. Civ. P. 1.442 and Fla. Stat. § 768.79; that it is made by Defendant Costco to Plaintiff Juana Tejeda; that it is intended to resolve all damages that would otherwise be awarded in a final judgment in this action; that the total amount of the proposal is $5,000; that there is no claim by the Plaintiff for punitive damages; that there is no claim by the Plaintiff for attorneys' fees and the proposal does not include any allocation for attorneys' fees; and it states with particularity all nonmonetary terms of the proposal and includes a certificate of service as required by Florida Rule of General Practice and Judicial Administration 2.516. *See* ECF No. 164-1; Fla. Stat. § 768.79; Fla. R. Gen. Prac. Jud. Admin. 2.516. Thus, the Defendant has facially established the validity of the proposal for settlement. The Plaintiff, moreover, does not contest that these requirements were satisfied.

However, the Plaintiff argues that the proposal for settlement is invalid because it was made in bad faith and the Plaintiff brought her claims in good faith.

"If an offer satisfies the requirements of § 768.79[], as this one did, 'the sole basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith.'" *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002) (considering an earlier version of § 768.79) (quoting *Levine v. Harris*, 791 So. 2d 1175, 1177 (Fla. 4th DCA 2001)); *see* Fla. Stat. § 768.79(8)(a). The party opposing an award pursuant to Fla. Stat. § 768.79 bears the burden of proving the offer's proposal was not made in good faith. *McMahan*, 311 F.3d at 1083 (quoting *Levine*, 791 So. 2d at 1178). "Although 'nominal offers are suspect where they are

5

not based on any assessment of liability and damages,' they can be valid if the offerors have 'a reasonable basis at the time of the offer to conclude that their exposure was nominal.'" *Id.* (quoting *Fox v. McCaw Cellular Communications of Fla., Inc.*, 745 So. 2d 330, 332-33 (Fla. 4th DCA 1998)).  Fla. Stat. § 768.79's good faith requirement "does not 'demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed to support a judgment.  The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer.'" *Id.* (quoting *Schmidt v. Fortner*, 629 So. 2d 1036, 1039 (Fla. 4th DCA 1993), *approved by TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 613 (Fla. 1995)).  Plaintiff argues that the Defendant's proposal of $5,000 was "nominal," "unreasonable[,] and bore no relationship to the claim where plaintiff sought damages in excess of a hundred thousand dollars." ECF No. 169 at 4.  However, the Plaintiff's argument "ignores the inconvenient fact that [the Defendant] did prevail against [her]." *McMahan*, 311 F.3d at 1083 (affirming finding that $100 offer was made in good faith).  "To accept in the same case in which a party did prevail the notion that there was no reasonable basis for that party prevailing would require self-contradiction on a scale that [the Court is] unwilling to consider." *Id.*

In this case, moreover, the proposal for settlement was made more than 8 months after the Plaintiff initiated his lawsuit in state court and over a year after the Plaintiff's lawyers sent a demand letter to the Defendant.  *See* ECF Nos. 1, 1-4.  By the time the Defendant made its settlement proposal, the Defendant had already received discovery responses from the Plaintiff two months earlier, *see* ECF No. 170 at 2, and the Defendant had prepared and filed a witness list in the case, *see* ECF No. 20, which revealed the Defendant's possession of the CCTV video of the incident.  Under the circumstances presented, including the Defendant's investigation and resulting assessment of the Plaintiff's case at the time of the settlement proposal, *see* ECF No. 170 at 2-3,

6

the undersigned finds that the Plaintiff has failed to establish that the Defendant's proposal was not made in good faith.

The Plaintiff's argument that the Court should not award fees because the Plaintiff's claims were not frivolous and were not made in bad faith is unavailing. The Plaintiff does not provide any authority that permits the Court to deny the Defendant an award of fees under § 768.79 if it finds that a plaintiff's claims were not frivolous and were made in good faith. Indeed, the cases on which the Plaintiff relies are inapposite and involve the award of attorneys' fees pursuant to the Copyright Act and Title VII of the 1964 Civil Rights Act, *see* ECF No. 169 at 6, federal statutes under which the award of attorney fees is governed by standards and considerations that are not implicated in an award of fees under Fla. Stat. § 768.79. Because "'the sole basis on which a court can disallow an entitlement to an award of fees [under § 768.79] is if it determines that [the] offer was not made in good faith,'" *McMahan*, 311 F.3d at 1083 (quoting *Levine*, 791 So. 2d at 1177), the undersigned concludes that the Defendant's entitlement to an award of fees under § 768.79 is not impacted by whether the Plaintiff's claims were brought in good faith. *See also Key W. Seaside, LLC v. Certified Lower Keys Plumbing, Inc.*, 208 So. 3d 718, 721 (Fla. 3d DCA 2015) ("Under both [§768.79] and [Fla. R. Civ. P. 1.442], therefore, entitlement to fees and costs to a qualifying offeror is mandatory, if the statutory prerequisites have been met. Indeed, once an offer has been filed by a defendant and a judgment is one of no liability by the defendant, the defendant has the right to an award of attorney's fees.") (citations omitted). Thus, the Defendant is entitled to recover its fees.

### B. The Fees the Defendant Seeks Are Reasonable.

Under Fla. Stat. § 768.79, the Defendant can recover his reasonable attorneys' fees and costs. The Defendant seeks $119,588.00 in attorneys' fees for 530.1 hours of attorney time at hourly rates ranging between $175.00 and $210.00 and 170.3 hours of non-attorney professional

7

time at an hourly rate of $105.00. ECF No. 164. The Plaintiff does not object to the total amount of fees and costs sought, the amount of hours expended, or the attorneys' hourly rates. *See* ECF Nos. 164, 169. Nevertheless, the Court must still ensure that the fees it awards are reasonable. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."); *see also Guzy v. QBE Specialty Ins. Co.*, 20-23169-CIV, 2023 WL 3127188, at *2 (S.D. Fla. Apr. 12, 2023), *report and recommendation adopted*, 2023 WL 3119951 (S.D. Fla. Apr. 27, 2023).

The Eleventh Circuit uses the lodestar approach to determine the amount of attorney's fees and costs to which a party is entitled. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1295 (11th Cir. 1988); *see also Danubis Grp., Ltd. Liab. Co. v. Landmark Am. Ins. Co.*, 685 F. App'x 792, 803 (11th Cir. 2017) (using the lodestar approach to determine the amount of fees and costs recoverable under Fla. Stat. § 768.79). Under this approach, "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman*, 836 F.2d at 1299.

1. *The Hourly Rates Requested Are Reasonable.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The Court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303). "Although the district court has wide discretion in exercising its judgment on the appropriate fee based on its own expertise, that discretion is not without limits.

A conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient." *Norman*, 836 F.2d at 1304.

Here, the Defendant seeks an hourly rate of $210.00 for partners Jaime J. Baca, Esq. (admitted to practice in 1998), Derek B. Barba, Esq. (admitted to practice in 1998), and Vanessa Romero-Molina, Esq. (admitted to practice in 2013); $175.00 for associates Marlene Brito, Esq. (admitted to practice in 2016) and Juan P. Ayala, Esq. (admitted to practice in 2019); and $105.00 for paralegals Jackie Gonzalez, Nicole J. Cambo, and Eric T. Hainline. ECF No. 164 at 5-6.

The Plaintiff has not objected to the hourly rates sought by the Defendant, and she has thus not submitted fee comparables for consideration by the Court in assessing the reasonableness of the hourly rates claimed by the Defendants' attorneys and paralegals. Nonetheless, the undersigned finds that the hourly rates charged in this case are more than reasonable for Defendant's timekeepers. Based on its own experience and expertise, the undersigned finds that the range of hourly rates claimed by the attorneys and paralegals is within the range of the prevailing market rates in the Southern District of Florida for similar services by lawyers and paralegals of reasonably comparable skills, experience, and reputation. *El Camino v. Scottsdale Ins. Co.*, 1:21-CV-22502-KMM, 2022 WL 5246725 (S.D. Fla. July 27, 2022) (approving attorney hourly rate of $210 and paralegal hourly rate of $100), *report and recommendation adopted in relevant part and rejected in part*, 2022 WL 5241882 (S.D. Fla. Oct. 6, 2022). Accordingly, the Defendant should be awarded the requested hourly rates of $210.00 for its partners, $175.00 for its associates, and $105.00 for its paralegals.

2. *The Total Hours Expended Were Reasonable*

The Court must next evaluate the reasonableness of the total hours expended by the Defendant's counsel. The moving party bears the burden of providing the Court with sufficiently detailed records so that the Court can assess the time claimed for each activity. *Norman*, 836 F.2d

9

at 1303. The party requesting fees must exercise "billing judgment" and exclude from its request for fees hours that would be unreasonable to bill a client, "irrespective of the skill, reputation, or experience of counsel." *Id.* at 1301. In determining the number of hours reasonably expended, the Court must exclude "excessive, redundant or otherwise unnecessary hours" from those claimed. *Id.* at 1303. Judges, however, "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826 (2011).

The undersigned finds the hours expended by the Defendant's counsel, 700.4 hours, to be reasonable. Defendant's billing records reflect time spent drafting, reviewing, and revising pleadings and filings including notices, discovery motions, witness lists, a motion *in limine*, summary judgment filings, proposed jury instructions, and responses to the Plaintiff's filings; analyzing medical records and bills; communicating with expert and non-expert witnesses and conducting fact witness interviews; communicating with Plaintiff's counsel; inspecting the alleged incident site; preparing for, attending, and taking witness depositions; preparing for and attending proceedings in Court, including discovery hearings, pre-trial hearings, and a jury trial; preparing for and attending mediation, including preparing a mediation statement; preparing trial and witness materials, such as direct and cross examination outlines and trial exhibits; and conducting juror research. *See* ECF No. 164-2. Given that this case proceeded through trial to a jury verdict, the amount of time sought is not unreasonable for the work performed in this case. Moreover, and as noted above, the Plaintiff does not object to the number of hours (or the amount of fees) sought by Defendant. ECF No. 169. Finally, all of the billing entries submitted by the Defendant fall within the recoverable time period, i.e., on or after May 6, 2021,[7] "the date of filing of the offer," until June 29, 2022, when the jury returned a verdict of no liability. ECF No. 164-2; Fla. Stat.

---

[7] Although the billing records appear to include an entry from May 3, 2021, for 0.2 hours of work by paralegal Nicole J. Cambo, the Defendant did not include this entry in its request for fees. *See* ECF Nos. 164, 164-2.

10

§ 768.79(1). For these reasons, the Defendant should be permitted to recover its requested attorneys' fees of **$119,588.00**.

### C. Non-Taxable Costs Are Not Recoverable Under Fla. Stat. § 768.79.

The Defendant has already been awarded $5,069.16 in taxable costs, pursuant to 28 U.S.C. § 1920. *See* ECF Nos. 153, 160, 163. The Defendant now seeks $9,496.00 in *non-taxable* costs that were incurred after the proposal for settlement was served. ECF No. 164 at 7.

However, "[a]bsent explicit statutory authorization, courts are limited to awarding costs enumerated in 28 U.S.C. § 1920," and non-taxable costs are not explicitly authorized under Fla. Stat. § 768.79. *Moody v. Integon Nat'l Ins. Co.*, 18-23094-CIV, 2019 WL 4731983, at *5 (S.D. Fla. July 30, 2019) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)) (denying party's request for non-taxable costs because "[n]on-taxable costs are not recoverable under Section 768.79"), *report and recommendation adopted*, 18-23094-CIV, 2019 WL 7943750 (S.D. Fla. Oct. 7, 2019); *Tamiami Condo. Warehouse Plaza Ass'n v. Markel Am. Ins. Co.*, No. 1:19-cv-21289, 2020 WL 6585873, at *7 (S.D. Fla. Sep. 11, 2020) (same, citing *Moody*), *report and recommendation adopted*, 2020 WL 6581641 (S.D. Fla. Nov. 10, 2020); *M&M Sisters, LLC*, 2022 WL 18717403, at *22 (same); *Guzy*, 2023 WL 3127188, at *8 (same).

As mentioned above, the Defendant separately filed a Motion for Bill of Costs, ECF No. 153, which includes incurred costs enumerated under 28 U.S.C. § 1920. Thus, the Court has already awarded costs allowed under 28 U.S.C. § 1920. *See* ECF Nos. 160, 163. Any other requested costs not enumerated under 28 U.S.C. § 1920, such as travel, expert, and mediation expenses, are not allowed under § 768.79. *E.g.*, *Moody*, 2019 WL 4731983, at *6 (finding costs associated with mediation services and travel expenses are not enumerated in 28 U.S.C. § 1920); *Guzy*, 2023 WL 3127188, at *7-8 (concluding that expert fees could not be awarded as non-taxable

11

costs under Fla. Stat. § 768). Therefore, the undersigned concludes that the Defendant cannot recover the requested non-taxable costs pursuant to Fla. Stat. § 768.79.

## IV. CONCLUSION

Based on the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Defendant's Verified Amended Motion for Fees and Non-Taxable Costs, ECF No. 160, be **GRANTED IN PART AND DENIED IN PART**, and that the Defendant be awarded **$119,588.00** in attorneys' fees and **$0** in non-taxable costs.

Within seven (7) days from the date of this Report and Recommendation, that is, **by Tuesday, September 17, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Any response to any objections shall be filed **within seven (7) days** of the filing of those objections. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 10th day of September 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
      Counsel of Record